**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JANUARY, 1997 SESSION**

FILED

May 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | No. 03C01-9604-CC-00146 |
| | ) | |
| **Appellee**, | ) | Jefferson County |
| | ) | |
| **vs**. | ) | Hon. William R. Holt, Judge |
| | ) | |
| **RICHARD DOUGLAS LOWERY**, | ) | (Aggravated Assault; forgery) |
| | ) | |
| **Appellant**. | ) | |
| | ) | |

FOR THE APPELLANT:

EDWARD C. MILLER
Public Defender
Fourth Judicial District
P.O. Box 416
Dandridge, TN 37725

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General & Reporter

CLINT T. MORGAN
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

AL C. SCHMUTZER, JR.
District Attorney General

JAMES L. GASS
Assistant District Attorney General
Fourth Judicial District
301 East Courthouse
125 Court Avenue
Sevierville, TN 37862

OPINION FILED: _____

AFFIRMED

CURWOOD WITT, JUDGE

**OPINION**

The appellant, Richard Douglas Lowery, appeals from the sentence imposed by the Jefferson County Circuit Court. A jury convicted him of forgery, aggravated assault, and two related misdemeanors. The trial court determined the appellant to be a Range III persistent offender and imposed sentences of four years for forgery and two sentences of eleven months and twenty-nine days each for the misdemeanors, set to run concurrently with a ten year sentence for the aggravated assault. In this appeal he complains the trial court erred in the following ways:

> (1) failing to require the filing of a presentence report;
>
> (2) sentencing the appellant as a Range III persistent offender;
>
> (3) failing to place of record the required findings of fact; and
>
> (4) failing to give due consideration to the relevant factors of sentencing.

After review of the record, we affirm the judgment of the trial court.

The appellant raises no challenge to his convictions. On the morning of trial but before it began, the state filed a "Notice of Intent to Seek Enhanced Punishment" in order to have the appellant declared a persistent offender. Five previous felony convictions were cited as the qualifying convictions for Range III. All of the convictions had been rendered in the Jefferson County Circuit Court, the trial court below. The listing of the convictions on the Notice contained the dates of conviction, revealing that three of the convictions occurred on the same date, February 8, 1989. The other two convictions occurred, respectively, in 1990 and

2

1994. After the trial court received the jury's verdicts and discharged the jury, the trial judge and counsel discussed on the record the planning of the sentencing hearing. The appellant's attorney asked for a presentence mental evaluation, but the trial judge initially understood him to request a "More Specific Data Report." Once the trial court understood that the appellant was seeking a mental evaluation, the court denied the request.[1] The court indicated the appellant could ask the probation officer to address the issue in the presentence report, and the appellant could also submit additional information for the report. Defense counsel asked the court to expedite the sentencing hearing because the appellant preferred to be transferred to a state facility as soon as possible. The hearing was held forty-four days later. At the beginning of the sentencing hearing, the court asked counsel if they had "the reports". The following exchange occurred:

General Gass: Do you [have the presentence report]?

Mr. Miller: I don't think so.

General Gass: You waive presentence report?

The court: You waive the specific ...?

Mr. Miller: Well, Your Honor, we will. We're ready to go forward with sentencing. He--he's ready to get his time and go--go on. But we did contact the probation officer right after the conviction and discuss the preparation of this. That's required. But we're not going to demand that that be done before he's sentenced, because he's ready to get his time and--and go on.

The court: So, in essence, you're waiving it?

---

[1] The trial court's denial of a mental examination is not challenged on appeal.

3

Mr. Milller:          I guess you could say that, Your Honor.

The court:          Can't guess about it.  We do or don't.

Mr. Miller:          We do, Your Honor.

The court:          You do have your data report, right? The two-page report?  Do you?

Mr. Miller:          . . . That's fine, Your Honor.  I do.  I've got it here, Your Honor. Yes.

The state offered no additional proof, although a "Criminal History Report" dated October 20, 1995 appears in the technical record.  Although this Criminal History Report, along with the Notice, was one of the documents certified by the trial court clerk as part of the "full and complete copy of the pleadings and records" on file in the case, the Report did not bear a filing date nor did it bear any identification from the trial judge certifying it as an exhibit.  This Report contained essentially the same information contained in the Notice, except the Report disclosed that the three convictions that occurred on February 8, 1989 were convictions obtained upon multiple counts contained in the same indictment.

The defense then challenged the Range III determination, arguing that two of the three February 8, 1989 convictions were disqualified by the twenty-four-hour rule set forth in Tennessee Code Annotated § 40-35-107(b)(4) (1990).  In response, the District Attorney General retrieved the court's original 1989 file from the clerk's office.  The record reflects the file was handed to the trial judge, who commented upon certain contents of the file, specifically that the February 1989 convictions arose from events that occurred on September 23 and October 10 and 16, 1988, such that the twenty-four-hour rule could not come into play.  The court read these dates into the record.  While the source of this information within the

4

1989 court file is not totally clear, it appears the information as to the occurrence dates came from the allegations set forth in the underlying warrants, including the supporting affidavits. Neither the record of the 1989 proceedings nor a certified copy of any of its contents was authenticated by the trial judge as an exhibit, and neither appears in the record of the evidence, except for the trial judge's reading from the 1989 file as transcribed by the court reporter. There were no objections to this procedure. After examining the 1989 file, the trial court declared the appellant qualified as a persistent offender, the five qualifying felony convictions being present. After hearing arguments as to the propriety of both enhancement and mitigating factors, the trial court recited its recollection of the proof at trial and noted the persuasive mitigation arguments of diminished judgment and mental condition due to chemical addiction. Then he sentenced the appellant to the minimum sentences in the applicable range to run concurrently.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review on the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401(d) (1990). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely de novo. Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

5

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statement the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-210(a), (b) and 40-35-103(5) (1990); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

## I.  Absence of Presentence Report.

The appellant is correct in pointing out that Tennessee sentencing law mandates that a presentence investigation and report be made in all felony cases. Tennessee Code Annotated Section 40-35-205(a) provides:

> Upon acceptance of a guilty plea or upon a verdict or finding of guilty, the court shall, in the case of a felony, and may, in the case of a misdemeanor, direct the presentence service officer to make a presentence investigation and report, except as provided in §40-35-203 and subsection (b).  The presentence service officer shall conduct the investigation necessary to prepare a presentence report, meeting the requirements of §40-35-207 and any other investigation he deems appropriate or the court directs and shall independently determine the factual basis for any enhancement or mitigating factors asserted by the parties.  Tenn. Code Ann. § 40-35-205(a) (1990) (emphasis added).

Moreover, Section 40-35-210 provides:

> (b) To determine the specific sentence and the appropriate combination of sentencing alternatives that shall be imposed on the defendant, the court shall consider the following:
> . . .
> (2) the presentence report[.]

6

. . .
> (g) A sentence <u>must</u> be based on evidence in the record of the trial, the sentencing hearing, <u>the presentence report</u>, and, the record of prior felony convictions filed by the district attorney general with the court as required by §40-35-202(a). Tenn. Code Ann. §40-35-210(b)(2), (g) (Supp. 1996) (emphasis added).

The use of the words "shall" and "must" have not gone unnoticed by this court. We have previously held the preparation and filing of a presentence report is mandatory in a felony case in which the parties have not fully agreed to the sentence to be imposed. <u>State v. Ronnie C. Allen</u>, No. 03C01-9409-CR-00347, 1995 WL 102741 (Tenn. Crim. App., Knoxville, March 10, 1995); <u>State v. Patricia Walton</u>, No. 03C01-9205-CR-156, 1992 WL 371778 (Tenn. Crim. App., Knoxville, December 17, 1992). In none of these cases, however, was this court presented with an affirmative waiver of the report.

In the case now before us, the presentence report was apparently ordered, but by stipulation of <u>both</u> parties and with the approval of the trial court, the parties proceeded through the sentencing hearing without the presentence report. No objection was made to this procedure, but the record is not merely silent as to the waiver. It evinces an affirmative waiver. Indeed, with respect to the defense, the side now claiming to be aggrieved by the absence of the report, the waiver was pressed to the point of estoppel. At the hearing, the appellant urged the court to proceed and to make its decision without benefit of the otherwise-mandated report. The appellant is now asking this court to violate Rule 36(a) of the Tennessee Rules of Appellate Procedure by taking action in this appeal "in contravention of the province of the trier of fact." Tenn. R. App. P. 36(a). This rule further provides that nothing contained therein "shall be construed as requiring that relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." <u>Id</u>.

Additionally, we note in passing that the appellant made no showing of any favorable information that a presentence report might have contained, and consequently there was no claim of prejudice. Tenn. R. App. P. 32(b); Tenn. R. Crim. P. 52(a).

We do not encourage trial counsel and trial courts to embark upon sentencing hearings in the absence of presentence reports. We view the legislature's mandate as expressed in Tennessee Code Annotated §§ 40-35-205(a) and 210 (b), (g) to be well reasoned. Certainly the use of the presentence report better enables the trial court to carry out the purposes of the sentencing law, and moreover, the presence of the report in the record is necessary for de novo appellate review. See State v. Charles Eberhardt, No. 03C01-9307-CR-00230, slip op. At 5, 1994 WL 46511 at *3 (Tenn. Crim. App., Knoxville, February 17, 1994); State v. James Patrick Hill, Jr., No. 954, slip op. At 2, 1991 WL 134500 at *1 (Tenn. Crim. App., Knoxville, July 23,1991). However, on the unique facts of the case before us, we hold that the prehearing filing and the use of the presentence report were waived.

## II. Range-of-Sentence Issues.

### a. Timeliness of filing notice.

The first issue relative to the appellant's complaint about the sentencing range is the untimely filing of the enhancement notice. Tennessee Code Annotated Section 40-35-202(a) provides for the filing of a notice of intent to seek enhanced punishment and requires that such a notice be filed by the district attorney general "not less than ten (10) days before trial or acceptance of a guilty

8

plea." The Notice in this case was filed with the court and served upon defense counsel on the morning of trial. In State v. Stephenson, 752 S.W.2d 80 (Tenn. 1988), a notice had also been filed on the day of trial, and the Court held the notice was effective "in the absence of some showing of prejudice on the part of the accused, particularly where defense counsel does not move for a continuance or postponement of the trial as he is clearly authorized to do." Id. at 81. The court concluded that where there was no defense motion for continuance, any objection to the untimely filing was waived. Id. A similar result was reached in State v. Adams, 788 S.W.2d 557, 559 (Tenn. 1990), on the issue of sufficiency of the notice. See also State v. Gilmore, 823 S.W.2d 566 (Tenn. Crim. App. 1991). No motion for continuance was filed in the case now before us, nor has any prejudice been shown by reason of the late filing of the Notice, and therefore we conclude the objection is waived.

b. Evidence supporting range determination.

Imposition of an enhanced sentencing range must be predicated upon a finding by the trial court beyond a reasonable doubt that the requisite prior felonies exist. Tenn. Code Ann. §§ 40-35-106(c), 107(c), and 108(c) (1990). The appellant argues the record is devoid of any evidence supporting the decision to enhance the range from I to III. All five prior convictions were mentioned in the Notice, but the extent of the proof of the five qualifying convictions is found only in the "Criminal History Report" and the transcribed comments of the trial judge made at the sentencing hearing as he read from the original court file.

First we must determine if the "Criminal History Report" is "in evidence." Inclusion of a document in the "technical record" will not, "as a matter

of law," permit this court to consider the document when it has not been introduced as evidence or authenticated by the trial court. State v. Cooper, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987). In Cooper, the court noted:

> Before an exhibit may be considered by this court, it must have been (a) received into evidence, (b) marked by the trial judge, clerk or court reporter as having been received into evidence as an exhibit, © authenticated by the trial judge, and (d) included in the transcript of the evidence transmitted to this court. Id. 131.

Under this rule the Criminal History Report found in the technical record as certified by the clerk is not properly before the court. As a result, the listing found in this report is not to be considered evidentially.

Before considering the trial court's review of the original 1989 conviction file, we observe that the 1990 and 1994 convictions were mentioned in the Notice and were never challenged in any way by the appellant. The appellant has conceded tacitly that these two convictions qualify. This concession, or waiver, is really part and parcel of the waiver of the filing of the presentence report (dealt with above in Section I), where the appellant made no effort to put the state to its burden of proof as to these two convictions and where the accuracy of the description of these two convictions was not challenged. We have previously held that when allegations of qualifying convictions are set forth only in the notice of intent to enhance, the state's burden to establish the range enhancement is not met. State v. Jones, 901 S.W.2d 393, 397 (Tenn. Crim. App. 1995); State v. Charles Eberhardt, No. 03C01-9307-CR-00230, slip op. at 2-4 (Tenn. Crim. App., Knoxville, February 17, 1994). However, in these cases the defendant either "put the state to its burden of proof" or otherwise challenged the accuracy of the conviction information. Where summary information about the qualifying convictions was contained in the presentence report but was not otherwise proven by certified

10

copies of conviction records or otherwise, we have held that the state has proven range enhancement beyond a reasonable doubt, "'absent a showing that the report is based on unreliable sources or is otherwise inaccurate.'" State v. Anthony D. Hines, No. 01C01-9406-CC-00189, slip op. at 5-6 (Tenn. Crim. App., Nashville, May 25, 1995), perm. app. denied (Tenn. Nov. 6, 1995). See also State v. Richard J. Crossman, No. 01C01-9311-CR-00394 (Tenn. Crim. App., Nashville, October 6, 1994), perm. app. denied (Tenn. January 3, 1995) (where the sentencing issue was not the range and the state's burden was only preponderance of the evidence, summary listings of convictions were sufficient in the absence of a challenge to the accuracy of the information). Where the presentence report has been effectively waived, as in the case now before us, and where the appellant has also not challenged the reliability or accuracy of the description of the 1990 and 1994 convictions "pleaded" in the Notice, he should not be heard now to claim that these two convictions were not proven. Tenn. R. App. P. 36(a). The trial court was justified in considering these convictions in support of the enhancement of the range of sentence.

We now turn to the trial court's treatment of the original 1989 conviction record. The cases cited above dealt with a record that was devoid of proof of qualifying convictions except for summary listings or computer print-outs contained in the enhancement notice and/or presentence report. In none of the cases mentioned did the prosecution attempt to utilize an original record of a qualifying conviction as did the prosecution in the case before us. Tennessee Code Annotated Section 40-35-202(a) provides that the "original or certified copy" of the prior conviction record, bearing the name of the accused, is "prima facie evidence of the facts set out therein." There is no physical or documentary exhibit of this

11

"original" evidence, and no witness testified as to the facts.  However, there is a representation of the pertinent facts in the transcript of the trial judge's recitation of the dates of the offenses that resulted in the 1989 convictions, and the trial judge approved and authenticated the transcript.

This material is evidence and is <u>in</u> evidence.  There is no need to adduce evidence through a testifying witness when the evidence is judicially noticeable under Rule 201, Tennessee Rules of Evidence. The trial court's review and commentary on its own 1989 file was an act of judicial notice.  It is authorized by Rule 201(b)(2), the facts being "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." <u>Id</u>.  The trial court may take judicial notice "whether requested or not," Tenn. R. Evid. 201(c), and the notice may be taken at any stage of the proceeding.  <u>Id</u>. at 201(f).  An opportunity to be heard on the propriety of taking the notice is afforded upon request, but in the case below no request was made.

We hold the facts are judicially noticeable under the rule.  While it has been opined that the trial court in reviewing its prior proceedings may not take judicial notice of a prior party being identical to a party <u>sub judice</u>, 2 Charles E. Torcia, Wharton's Criminal Evidence § 232 (14th ed. Supp. 1996), Tennessee Code Annotated Section 40-35-202(a) resolves the question by providing that the original or certified copy of the conviction record, "bearing the same name as that by which the defendant is charged in the primary offense, is prima facie evidence that the defendant named therein is the same as the defendant before the court." Moreover, questions concerning the nature of other facts noticed below are resolved by this same Code section because the conviction record as offered below is also "prima

12

facie evidence of the facts set out therein." Id. This rule governs the noticing of facts gleaned from an arrest warrant affidavit contained within the file because (1) the judicial notice taken did not exceed the scope of examination of the file that would have been available to a testifying court clerk, and (2) the type of fact extracted, being a date of an offense which resulted in a conviction, is by its nature judicially noticeable.[2] See State v. Woodall, 729 S.W.2d 91, 94 (Tenn. 1987) (an arrest warrant contained in a court record is an official judicial record of proceedings in that case).

Based upon the foregoing, we hold that the judicial notice of the original 1989 conviction file provided sufficient evidence of the three 1989 convictions. The trial court was justified, therefore, in considering a total of five qualifying convictions in enhancing the sentencing range. It follows that the trial court's determination that the appellant should be sentenced as a persistent offender is supported in the record and should be affirmed.

### III. Sentencing Considerations; Findings of Record.

As to the length of sentence, it is immaterial whether the trial court considered all relevant factors and made requisite findings in the record (or whether our de novo review is not accompanied with a presumption of correctness of the trial court's determination). The appellant cannot -- and does not -- claim to be prejudiced in any way with the selection of minimum sentences within the applicable

---

[2]

A person convicted of a crime is entitled to protection that he may not be put into jeopardy again for the same offense. State v. Trusty, 919 S.W.2d 305, 309 (Tenn. 1996); State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991). A reviewing court must necessarily have the power to take cognizance of the date of the offense.

13

range, established to run <u>concurrently</u>. Any possible error committed by the trial judge with respect to his selection of a specific sentence is harmless. Tenn. R. App. P. 36(b); Tenn. R. Crim. App. 52(a).

## IV. Conclusion.

The conclusion is the judgment of the trial court is affirmed.

_____
                                                    Curwood Witt, Judge
_____

CONCUR:

_____
_____
Gary R. Wade, Judge

_____
Joseph M. Tipton, Judge

14