# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997



FILED

December 31, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9702-CR-00067 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JAMES C. BEASLEY, JR. |
| VICKIE R. HERRON, | ) | JUDGE |
| WANDA L. GRIFFIN, | ) | |
| Appellants. | ) | (Direct Appeal - Aggravated Robbery |
| | ) | and Aggravated Assault) |


FOR THE APPELLANT:

TONY N. BRAYTON
Assistant Public Defender
201 Poplar, Suite 2-01
Memphis, TN 38103
(Attorney for Vickie R. Herron)

MICHAEL E. SCHOLL
200 Jefferson Avenue, Suite 202
Memphis, TN 38103
(Attorney for Wanda L. Griffin)

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KENNETH W. RUCKER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

JAMES A. WAX
Assistant District Attorney
201 Poplar Avenue, Third Floor
Memphis, TN 38103


OPINION FILED _____

CONVICTIONS FOR AGGRAVATED ROBBERY AFFIRMED; CONVICTIONS
FOR AGGRAVATED ASSAULT REVERSED AND DISMISSED.

JERRY L. SMITH, JUDGE

# OPINION

On June 20, 1996, a Shelby County jury convicted Appellants Vickie R. Herron and Wanda L. Griffin of aggravated robbery and aggravated assault. After a sentencing hearing on July 12, 1996, the trial court sentenced both Appellants as a Range I standard offenders to consecutive sentences of twelve years for aggravated robbery and six years for aggravated assault. Appellants challenge both their convictions and their sentences, raising the following issues:

1) whether the trial court properly denied Appellant Griffin's motion to sever her trial from the trial of Appellant Herron;
2) whether Appellants' convictions for both aggravated robbery and aggravated assault violate principles of double jeopardy;
3) whether the evidence was sufficient to support Appellant Herron's conviction for aggravated robbery;
4) whether the trial court erred when it admitted credit cards and a credit card receipt into evidence;
5) whether the trial court erred when it failed to strike the State's notice of enhancement factors;
6) whether the trial court properly sentenced Appellant Griffin.

After a review of the record, we affirm the judgment of the trial court in part and reverse in part.

## I. FACTS

Bettye Knight, a sixty-nine year old resident of Memphis, Tennessee, testified that on September 28, 1995, she drove her car to a Memphis grocery store and parked in the second space from the door. Before Knight could exit her car, another car driven by Appellant Herron pulled up next to her and parked at a "funny angle." Because Knight had recently received her car as a gift, she waited for the occupants of the other car to get out of first so that her car would

not be dented. When Appellant Herron and her passenger, Appellant Griffin, made no attempt to exit their car, Knight got out of her car and locked the door.

Knight testified that when she walked between the two cars, Griffin reached out the window of the other car and grabbed Knight's purse that contained $60 and three credit cards. Knight then lost her balance and fell to the pavement. Herron backed up her car, pulled forward and ran over Knight, and then drove away. Knight testified that she sustained a broken arm as well as various injuries to her legs during this incident.

Lieutenant William Walsh of the Memphis Police Department testified that on October 1, 1995, he received a report that two females were heard arguing in an apartment building about some credit cards that were taken in a robbery. Walsh then went to the apartment building where he located Griffin in the parking lot. Griffin then took Walsh into her apartment, where Walsh discovered three credit cards in the name of Bettye Knight. Walsh testified that the credit cards were in a trash can along with some receipts and clothing tags.

## II. SEVERANCE

Appellant Griffin contends that the trial court erred when it denied her motion to sever her trial from that of Appellant Herron after it became clear that Herron was going to testify. Rules 14(c)(2)(I) and (ii) of the Tennessee Rules of Criminal Procedure provide that the trial court shall grant a severance of defendants if deemed appropriate to promote or achieve a fair determination of

a defendant's guilt or innocence. "Whether to grant a severance is within the trial judge's sound discretion." State v. Ensley, 956 S.W.2d 502, 508 (Tenn. Crim. App. 1996). "The exercise of that discretion will not be reversed absent an affirmative showing of prejudice." Id. "In other words, the record must demonstrate that the defendant was clearly prejudiced to the point that the trial court's discretion ended and the granting of [a] severance became a judicial duty." Parham v. State, 885 S.W.2d 375, 383 (Tenn. Crim. App. 1994) (citation omitted). "The trial court, however, must not only protect the rights of the accused, it must also protect the rights of the state prosecution, and 'when several persons are charged jointly with a single crime . . . the state is entitled to have the fact of guilt determined and punishment assessed in a single trial, unless to do so would unfairly prejudice the rights of the defendants.'" State v. Wiseman, 643 S.W.2d 354, 362 (Tenn. Crim. App. 1982) (citation omitted).

Griffin essentially contends that severance was required in this case because after Herron testified, the State cross-examined her about a pre-trial statement she had made in which she stated that both Appellants had used Knight's credit cards to purchase clothing. However, Griffin has failed to indicate how she was prejudiced by the cross-examination about this statement. Griffin merely makes the conclusory allegation that evidence of how the proceeds of the crime were used could not have been introduced in separate trials. However, even before Herron's testimony, the State had already introduced evidence about how the proceeds were used. Indeed, Lieutenant Walsh had already testified that he found Knight's credit cards, some receipts, and some clothing tags inside Griffin's apartment. There is no indication that Walsh would not also have given this testimony in a separate trial. Because Griffin has failed to show that she was

-4-

prejudiced, we hold that the trial court did not abuse its discretion when it denied the motion for severance.

### III. MULTIPLE CONVICTIONS

Appellant Herron contends that convictions for both aggravated robbery and aggravated assault for the same course of conduct violate principles of double jeopardy. We agree.

In State v. Denton, 938 S.W.2d 373 (Tenn. 1996), the Tennessee Supreme Court fashioned a method by which courts should analyze a double jeopardy claim under the Tennessee Constitution:

> (1) a Blockburger analysis of the statutory offenses; (2) an analysis, guided by the principles of Duchac[ v. State, 505 S.W.2d 237 (Tenn. 1973) ], of the evidence used to prove the offenses; (3) a consideration of whether there were multiple victims or discrete acts; and (4) a comparison of the purposes of the respective statutes. None of these steps is determinative; rather the results of each must be weighed and considered in relation to each other.

938 S.W.2d at 381.

Initially, we must start with an analysis of the statutory offenses as provided in Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932). The Blockburger test states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S. Ct. at 182. A Blockburger violation is a violation of the double jeopardy provisions of the constitutions of both the United States and Tennessee.

In order to prove aggravated robbery, the State must show that the defendant intentionally or knowingly committed a theft of property from the person of another by violence or putting that person in fear and that the victim suffered serious bodily injury. Tenn. Code Ann. §§ 39-13-401(a), -402(2) (1997). An aggravated assault is committed where a defendant intentionally or knowingly causes serious bodily injury to another. Tenn. Code Ann. §§ 39-13-101(a), -102(a)(1)(A) (1997 & Supp. 1998). The offense of aggravated robbery requires proof of a theft of property, whereas aggravated assault does not. However, the offense of aggravated assault by causing serious bodily injury to another does not require proof of any additional element distinct from the elements of aggravated robbery where the victim suffers serious bodily injury.

Aggravated assault causing serious bodily injury to another is a lesser included offense of aggravated robbery where the victim suffers serious bodily injury. An offense is a lesser included offense "only if the elements of the included offense are a subset of the elements of the charged offense and only if the greater offense cannot be committed without also committing the lesser offense." State v. Trusty, 919 S.W.2d 305, 310 (Tenn. 1996). By committing the aggravated robbery in this case, Appellants necessarily caused serious bodily injury to Knight. See Tenn. Code Ann. § 39-13-101(a)(2). Thus, aggravated assault was a lesser included offense of aggravated robbery under the facts of this case.

Under the double jeopardy provisions of both the United States and Tennessee constitutions, a defendant may not be convicted of two offenses if one is a lesser included offense of another. Brown v. Ohio, 432 U.S. 161, 168, 97 S.

Ct. 2221, 2226–27, 53 L. Ed. 2d 187 (1977); State v. Black, 524 S.W.2d 913, 915 (Tenn. 1975); State v. Green, 947 S.W.2d 186, 189 (Tenn. Crim. App. 1997). Therefore, only one conviction may stand.

Further analysis under State v. Denton also indicates that double jeopardy under the Tennessee Constitution is violated by Appellants' dual convictions. The evidence used to prove each offense is virtually identical. For aggravated robbery, the state proved that Appellants approached Knight, caused her to fall down by grabbing her purse, and then caused serious bodily injury by running over her. The State's proof for aggravated assault was that Appellants approached Knight, caused her to fall down by grabbing her purse, and then caused serious bodily injury by running over her.[1]

Additionally, the offenses arose out of the same incident and involved only one victim. Moreover, the purposes of the statutes are similar in that both offenses involve causing serious bodily injury to another person. The harm sought to be punished in aggravated assault that causes serious bodily injury is encompassed in aggravated robbery that causes serious bodily injury, even though aggravated robbery also involves a theft and aggravated assault does not.

---

[1]The State argues that the evidence used to prove each offense was not identical. First, the State argues that the aggravated robbery convictions were established by proof that when Griffin grabbed Knight's purse, Knight fell to the ground and skinned her face. We cannot agree that, without more, scrapes on the faces constitute "serious bodily injury." Second, the State argues that the aggravated robbery convictions were established by proof that Herron seriously injured Knight when she ran over her while backing the car and that the aggravated assault conviction was supported by proof that Herron seriously injured Knight when she ran over her again while driving the car forward. There is no such proof in the record. Knight testified two different times that she was only run over once when the car moved forward. Contrary to the State's representations that Herron testified that she ran over Knight twice, the record indicates that Herron denied running over Knight even one time.

We find that aggravated assault is a lesser included offense of aggravated robbery under the particular facts of this case. We conclude that Appellants' convictions for both aggravated robbery and aggravated assault violate their protection against double jeopardy under the United States Constitution and the Tennessee Constitution. Only one conviction can, therefore, be sustained. Accordingly, Appellants' convictions for aggravated assault are reversed and the charges for that offense are dismissed.[2]

## IV. SUFFICIENCY OF THE EVIDENCE

Appellant Herron contends that the evidence was insufficient to support her conviction for aggravated robbery.[3] We disagree.

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the

---

[2]Although only Appellant Herron raised this issue in her brief, Appellant Griffin's conviction for aggravated assault must also be reversed in order "to prevent prejudice to the judicial process" and in order "to do substantial justice." Tenn. R. App. P. 13(b); Tenn. R. Crim. P. 52(b).

[3]Both Appellants also contend that the evidence was insufficient to support their convictions for aggravated assault. Because we have reversed Appellants' convictions for aggravated assault, we need not address this issue.

-8-

insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. (citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Harris, 839 S.W.2d at 75; Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." Id. at 779. Finally, Rule 13(e) of the Tennessee Rules of Appellate Procedure provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt." See also Matthews, 805 S.W.2d at 780.

Herron essentially argues that the evidence was insufficient to convict her of aggravated robbery because there was no evidence that she knew that Griffin was going to rob Knight. We disagree. There was ample evidence, when viewed in the light most favorable to the State, for a rational jury to conclude that Herron knew that Griffin was going to rob Knight and that Herron acted with the intent of helping Griffin commit the offense. The record indicates that before they approached Knight, both Appellants walked around in the grocery store for a long period of time without picking up or buying anything. Appellants then went

outside, got in their vehicle, and Herron subsequently drove the vehicle over by Knight's car and parked at a "funny angle." After Griffin grabbed Knight's purse, Herron pulled forward and ran over and seriously injured Knight. Thereafter, Herron and Griffin divided the money between them and used Knight's credit cards to purchase clothing. A rational jury could infer from this evidence that Herron and Griffin waited in the parking lot for the purpose of robbing someone, that Herron drove over and parked by Knight so that Griffin could take her purse, that Herron ran over Knight in an attempt to escape, and that Herron and Griffin later split up the proceeds of the robbery as they had agreed. A rational jury could certainly infer that Herron had acted with the intent to aid Griffin in the aggravated robbery of Knight in order to share in the proceeds. See Tenn. Code Ann. § 39-11-402 (1997) ("A person is criminally responsible for an offense committed by the conduct of another if . . . [a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person . . . aids or attempts to aid another person to commit the offense."). This issue has no merit.

## V. ADMISSION OF THE CREDIT CARDS AND RECEIPT

Appellant Griffin contends that the trial court erred when it admitted credit cards and a receipt into evidence. Specifically, Griffin claims that the credit cards and receipt were irrelevant to the State's case and thus, this evidence was

inadmissible under Rule 403 of the Tennessee Rules of Evidence[4] because its probative value was substantially outweighed by its unfairly prejudicial effect.

"The admission of evidence is largely discretionary with the trial judge, and her discretion will not be disturbed on appeal unless there is clearly an abuse of that discretion." State v. Gray, 960 S.W.2d 598, 606 (Tenn. Crim. App. 1997). In this case, we see no reason to disturb the trial court's ruling. The credit cards were clearly relevant because they directly linked Griffin with the aggravated robbery of Knight. The credit card receipt was also relevant because it showed that Griffin had used the credit cards within three hours of the robbery and thus, showed that Griffin did not merely come into possession of the credit cards at some later date. Finally, the trial court instructed the jury that they were not to consider this evidence for any other purpose than how it related to the alleged robbery and assault of Knight. We presume that the jury follows the instructions of the trial court. See State v. Alvarado, 961 S.W.2d 136, 147 (Tenn. Crim. App. 1996). The trial court did not abuse its discretion when it admitted the credit cards and the receipt into evidence. This issue has no merit.

## VI.  NOTICE OF ENHANCEMENT FACTORS

Appellant Griffin contends that the trial court committed reversible error when it failed to strike the State's notice of enhancement factors which was filed after the trial began. Specifically, Griffin argues that under Tennessee Code

---

[4]Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Tenn. R. Evid. 403.

Annotated section 40-35-202(a) and Rule 12.3 of the Tennessee Rules of Criminal Procedure, the State was required to give notice of enhancement factors at least ten days before trial. We disagree.

Under section 40-35-202(a), "[i]f the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial." Tenn. Code Ann. § 40-35-202(a) (1997). By its very terms, this statute applies to situations in which the State seeks to have the court sentence a defendant in a greater range, not situations in which the State seeks to have the court enhance a sentence within a range. In fact, section 40-35-202(b) states that "[i]n all cases following a finding of guilt, the court may require that: [t]he district attorney general file a statement with the court setting forth any enhancement or mitigating factors the district attorney general believes should be considered by the court." Tenn. Code Ann. § 40-35-202(b)(1) (1997). Thus, section 40-35-202 clearly allows the filing of enhancement factors "after a finding of guilt."

Under Rule 12.3, "[w]ritten statements of the district attorney giving notice that the defendant should be sentenced to an enhanced punishment, for an especially aggravated offense, and/or as a persistent offender shall be filed not less than ten (10) days prior to trial." Tenn. R. Crim. P. 12.3(a). This Rule applies to notice under section 40-35-202(a), not to notice of enhancement factors. See Tenn. R. Crim. P. (Advisory Committee Comments). See also State v. Lowe, 811 S.W.2d 526, 527 (Tenn. 1991) (stating that Rule 12.3 applies to notice under section 40-35-202(a)).

In this case, the trial court classified Griffin as a Range I standard offender. In filing its notice of enhancement factors, the State sought to have the court increase Griffin's sentence within the range, the State did not seek to enhance the sentencing range itself. Thus, neither section 40-35-202(a) nor Rule 12.3(a) is applicable to this case. This issue has no merit.

## VI. LENGTH OF SENTENCE

Appellant Griffin contends that the trial court erroneously imposed a longer sentence for the aggravated robbery conviction than she deserves.[5] Specifically, Griffin contends that the trial court misapplied several enhancement factors in determining the length of her sentence.

"When reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, arguments of counsel, the appellant's

---

[5]Griffin also challenges the length of her aggravated assault sentence and both Appellants challenge the imposition of consecutive sentences. Because we have reversed Appellants' convictions for aggravated assault, we need not address these issues.

statements, the nature and character of the offense, and the appellant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997 & Supp. 1998); Ashby, 823 S.W.2d at 169. "The defendant has the burden of demonstrating that the sentence is improper." Id. Because the record in this case indicates that the trial court failed to properly consider the sentencing principles and all relevant facts and circumstances, our review is de novo without a presumption of correctness.

In sentencing Griffin to twelve years for aggravated robbery, the trial court found that only one mitigating factor applied. The trial court found that mitigating factor (9) applied because, at some point, Griffin helped the police locate Herron. See Tenn. Code Ann. § 40-35-113(9) (1997). We agree that none of the other enumerated mitigating factors of Tennessee Code Annotated section 40-35-113 were applicable.

The trial court found that enhancement factor (1) applied because Griffin had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. See Tenn. Code Ann. § 40-35-114(1) (1997). Griffin contends that this factor was inapplicable because her previous record consisted of only misdemeanor convictions. However, the application of this factor is not limited to previous felony convictions. See State v. Millbrooks, 819 S.W.2d 441, 446–47 (Tenn. Crim. App. 1991). Thus, the trial court correctly applied this factor.

The trial court found that enhancement factor (2) applied because Griffin was the leader in an offense involving two or more criminal actors. See Tenn.

Code Ann. § 40-35-114(2) (1997). Griffin does not challenge the application of this factor and we agree that it was correctly applied.

The trial court found that enhancement factor (4) applied because the victim was particularly vulnerable because of age or disability. See Tenn. Code Ann. § 40-35-114(4) (1997). In State v. Adams, the Tennessee Supreme Court provided a framework for application of this factor:

> [T]he vulnerability enhancement relates more to the natural physical and mental limitations of the victim than merely to the victim's age. . . . The factor can be used . . . if the circumstances show that the victim, because of his age or physical or mental condition was in fact "particularly vulnerable," i.e., incapable of resisting, summoning help, or testifying against the perpetrator. This is a factual issue to be resolved by the trier of fact on a case by case basis. The State bears the burden of proving the victim's limitations rendering him or her particularly vulnerable.

864 S.W.2d 31, 35 (Tenn. 1993). In State v. Poole, the supreme court stated that in order for the State to prove that this factor is applicable, "there must be evidence in the record in addition to the victim's age." 945 S.W.2d 93, 96 (Tenn. 1997). In this case, the trial court essentially found that Knight was "particularly vulnerable" because she was sixty-nine years old at the time of the robbery. Indeed, there is no evidence in the record that, other than her age, Knight had any other physical or mental limitations. Because the State failed to meet its burden of showing that Knight was "particularly vulnerable," the trial court erred when it applied this factor.

The trial court found that enhancement factor (5) applied because Appellants treated the victim with exceptional cruelty. See Tenn. Code Ann. § 40-35-114(5) (1997). In Poole, the supreme court stated that

> [E]nhancement factors must be "appropriate for the offense" and "not themselves essential elements of the offense." These limitations exclude

enhancement factors "based on facts which are used to prove the offense" or "[f]acts which establish the elements of the offense charged." The purpose of the limitations is to avoid enhancing the length of sentences based on factors the Legislature took into consideration when establishing the range of punishment for the offense.

945 S.W.2d at 98. In this case, the trial court found that Appellants had treated Knight with exceptional cruelty because they seriously injured her when they ran over her with a car. However, this was the very fact which was used to prove that Appellants had committed the offense of aggravated robbery by causing "serious bodily injury" to the victim. See Tenn. Code Ann. §§ 39-13-401(a), -402(2) (1997). Thus, application of this enhancement factor was not appropriate.

The trial court found that enhancement factors (10) and (16) applied because Griffin had no hesitation in committing a crime when the risk to human life was high and there was great potential for bodily injury to the victim. See Tenn. Code Ann. § 40-35-114(10), (16) (1997). This Court has stated that absent any proof establishing risk to life other than the victim's, enhancement factors (10) and (16) are essential elements of the offense of aggravated robbery and cannot be used for enhancement. State v. King, 905 S.W.2d 207, 213 (Tenn. Crim. App. 1995). There is no proof in the record that Appellants placed the life of anyone other than Knight at risk during the aggravated robbery. Thus, application of these two enhancement factors was not appropriate.

Even though we hold that the trial court erred in applying some of the enhancement factors, a finding that enhancement factors were erroneously applied does not equate to a reduction in the sentence. State v. Keel, 882 S.W.2d 410, 423 (Tenn. Crim. App. 1994). Only one mitigating factor applies to

the sentence for aggravated robbery, and we conclude that it is entitled to little weight. Although Griffin eventually told the police about Herron's involvement in the offense, the record indicates that she initially lied to the police and made several inconsistent statements. Further, two enhancement factors are applicable. Not only was Griffin a leader in this offense, she also has a previous record of criminal offenses. We conclude that in light of the fact that Griffin has been convicted of three prior theft offenses, her prior record is entitled to significant weight. Thus, we hold that the twelve year sentence for aggravated robbery is appropriate in this case.

## VIII. CONCLUSION

Because we hold that the convictions for both aggravated robbery and aggravated assault in this case violate principles of double jeopardy, Appellants' convictions for aggravated assault are reversed and the charges are dismissed. In all other respects, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODALL, JUDGE