STATE of Tennessee, Appellee,

v.

John David SMITH, Appellant.

Supreme Court of Tennessee.

Dec. 2, 1985.

Brett B. Stein, Memphis, for appellant.

Raymond S. Leathers, Asst. Atty. Gen. (W.J. Michael Cody, Atty. Gen. & Reporter, Nashville, of counsel), Paul G. Summers, Sommerville, Dist. Atty. Gen., J. Kerry Blackwood, Asst. Dist. Atty. Gen., for appellee.

## OPINION

HARBISON, Justice.

In a single indictment returned on November 1, 1982, appellant was charged in three counts with the sale of controlled substances, the first offense having occurred on May 27, 1982 and the other two sales on June 5. Appellant made bond on November 3, 1982. No motions or other pretrial activity are reflected in the record on appeal.

Over four and one-half months later, on March 23, 1983, appellant was brought to trial on all three charges. On the morning of the trial, just prior to the selection of the jury, at a bench conference his attorney made an oral motion for severance of the counts of the indictment. It was not stated precisely whether at that point he sought to sever all three of the counts, or simply to divide the charges into two parts, one involving the May 27 sale and the other the two sales on June 5.

Since the sales occurred on different occasions, although to the same undercover personnel, joinder was probably permissive rather than mandatory under Rule 8(b) T.R.Crim.P., which provides as follows:

"Two or more offenses may be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses constitute parts of a common scheme or plan or if they are of the same or similar character."

Rule 14(b)(1) gives the accused a right to severance of the offenses consolidated pursuant to Rule 8(b) "unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others."

In order to obtain a severance, however, Rule 14(a) provides:

"A defendant's motion for severance of offenses or defendants must be made before trial, except that a motion for severance may be made before or at the close of all evidence if based upon a ground not previously known. Severance is waived if the motion is not made at the appropriate time."

■ When a procedural rule or a statute requires filing before trial, ordinarily this connotes a date previous to that upon which the trial is set to begin. As stated in *State v. Hamilton,* 628 S.W.2d 742, 744 (Tenn.Crim.App.1981):

"We agree with the trial judge's interpretation of Rule 12(b)(3) T.R.Cr.P. in which he stated 'prior to trial' means sometime earlier than 'the day of the trial when the jury is waiting in the hall.' "

■ The record contains no explanation for the delay in seeking a severance in the present case. The indictment had been returned nearly five months prior to trial and it clearly contained three counts. The trial judge denied the oral motion made on the day of the trial and proceeded to hear evidence on all three counts. The same witnesses were involved in all three of the transactions. The defendant offered no testimony, and the cross-examination of his counsel was aimed at involving the State's witnesses in contradictions or discrepancies concerning either the identity of the accused or the details of the transactions.

■ The testimony of these witnesses, if credited by the jury, presented overwhelming evidence of the guilt of the accused. If there was any error in denying the motion for severance, in our opinion it could not have affected the results of the trial. Sentences were imposed on all of the counts of the indictment, but they are to run concurrently.

The Court of Criminal Appeals issued three separate opinions in this case, one of them to the effect that the joinder was proper, one to the effect that it was erroneous, and the third to the effect that the motion for severance was not timely made.

We need not consider whether the motion for severance would have had merit had it been made prior to trial within the meaning of the procedural rule referred to above. In our opinion it was not timely made and no reason has been shown why the matter was not presented to the trial judge well in advance of the trial, so that the parties could have made their preparations accordingly if some of the counts were to be severed.

As pointed out in the dissenting opinion in the Court of Criminal Appeals, there is a question as to whether evidence concerning the May 27 sale would have been admissible upon a trial respecting the June 5 sales, had there been a severance. There seems to be little question, however, that the two sales occurring on June 5 were either properly joined permissively or that they may have been a part of one continuing episode so as to mandate joinder under Rule 8(a), T.R.Crim.P.

■ We do not find that the action of the trial judge in denying severance in this case constituted reversible error, in view of the fact that the motion for severance was not timely made and no prejudice to the accused has been shown. Other issues were presented to the Court of Criminal Appeals which we have also considered, but in our opinion they were correctly disposed of in that Court.

The judgment of the Court of Criminal Appeals is affirmed at the cost of appellant.

COOPER, C.J., and FONES, BROCK and DROWOTA, JJ., concur.