**STATE of Tennessee, Appellant,**

v.

**James Dennis STEPHENSON, Appellee.**

Supreme Court of Tennessee,
at Jackson.

May 31, 1988.

W.J. Michael Cody, Atty. Gen. & Reporter, Raymond S. Leathers, Asst. Atty. Gen., Nashville, for appellant.

A.C. Wharton, Jr., Chief Public Defender, Walker Gwinn, Asst. Public Defender, Memphis, for appellee.

## OPINION

HARBISON, Chief Justice.

Appellee and two co-defendants were convicted of robbery. Appellee was sentenced to fifteen years imprisonment as a Range II offender. On appeal to the Court of Criminal Appeals, he contended for the first time that the State had failed to comply with requirements of T.C.A. § 40–35–202(a) and the related provisions of Rule 12.3, Tennessee Rules of Criminal Procedure. This statute and the procedural rule require that when the District Attorney seeks enhanced punishment, written notice must be filed with the trial court not less than 10 days prior to trial.

The record in the present case shows that written notice was filed with the clerk of the trial court and served on defense counsel on the day the trial commenced, November 13, 1984. The record does not disclose whether the filing occurred before the beginning of trial proceedings. No testimony was adduced on November 13, and that day was consumed with jury selection and opening statements. The introduction of testimony began on November 14, and trial was concluded on November 16. The sentencing hearing did not occur until nearly a month later, on December 14, 1984.

Counsel for appellee interposed no objection at the trial, at the sentencing hearing or in the motion for a new trial respecting the notice filed by the District Attorney. The issue was raised for the first time on appeal. A divided panel of the Court of Criminal Appeals held that the notice was ineffective. The cause was remanded for a new sentencing hearing within Range I.

The question of the effect of late notice by the State has been discussed in a number of unreported decisions, and various panels of the Court of Criminal Appeals have differed in their interpretation. For this reason we granted review in the present case.

The procedural rule, Rule 12.3 of the Tennessee Rules of Criminal Procedure, became effective on August 22, 1984. The statute, T.C.A. § 40–35–202(a), was enacted in 1982. In the interim a number of panels of the Court of Criminal Appeals had held that notice filed on the date of the trial was sufficient, even though the statute provides that it must be filed and served "before trial or acceptance of a guilty plea on the primary offense." A related statute, T.C.A. § 40–35–109(f), requires that "writ-

ten notice shall be given prior to trial on guilt as provided in § 40–35–202(a)."

Most of the panels of the Court of Criminal Appeals which had considered the matter had held that any error which might have occurred was harmless and would not vitiate the sentence unless the accused could show some prejudice because of the late filing. In the case of *Crump v. State,* 672 S.W.2d 226 (Tenn.Crim.App.1984), it was held that the complete failure to file such a notice would not suffice to void the sentence on post-conviction petition where a Range II sentence had been agreed upon in plea bargaining prior to the filing of a guilty plea and the imposition of sentence.

Rule 12.3(a) of the Tennessee Rules of Criminal Procedure provides:

> Notice in Noncapital Cases.—Written statements of the district attorney giving notice that the defendant should be sentenced to an enhanced punishment, for an especially aggravated offense, and/or as a persistent offender shall be filed not less than ten (10) days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant upon his motion a reasonable continuance of the trial.

Subsection (c) provides that the notice shall be in writing, filed with the court and served on counsel.

The comment of the Advisory Commission to this rule is as follows:

> This time limitation will allow defense lawyers an opportunity to plan trial strategy or engage in appropriate plea negotiations. Nevertheless, since the notice requirement is based to a large extent on a defendant's prior record, this record may only come to light shortly before trial. Under this and related circumstances, it would be unfair for the State to proceed to trial unable to establish proof at the sentencing hearing. Consequently, the State may provide notice in less than ten (10) days but the defendant is entitled to a continuance to rechart his course of action. If the defendant does not request a continuance, the written notice shall be valid.

Of course, good practice requires that the notice be filed in accordance with the procedural rule. Nevertheless, the notice deals with the sentencing hearing, not the conduct of the trial on guilt or innocence. The statutes on sentencing contemplate a separate hearing for that purpose, usually held several days or weeks after a verdict of conviction. *See* T.C.A. § 40–35–209.

We are of the opinion that the fact the notice is not filed until the date trial begins does not render the notice ineffective in the absence of some showing of prejudice on the part of the accused, particularly where defense counsel does not move for a continuance or postponement of the trial as he is clearly authorized to do under Rule 12.3(a). In the absence of a motion for continuance, in our opinion, any objection to the delayed notice by the State ordinarily should be deemed to have been waived. This result is especially true in the present case where the matter was not even raised in the trial court, at the sentencing hearing or on the motion for new trial.

The judgment of the Court of Criminal Appeals is reversed, and the judgment of the trial court is reinstated at the cost of appellee. The cause will be remanded to the trial court for any further proceedings which may be necessary.

FONES, COOPER and DROWOTA, JJ., concur.

BROCK, J., dissents.

BROCK, Justice, dissenting.

I respectfully dissent.

We granted review in this case to consider problems in the trial court and the Court of Criminal Appeals involving the proper application of T.C.A. § 40–35–202(a), and Rule 12.3(a), Tennessee Rules of Criminal Procedure.

The Criminal Sentencing Reform Act of 1982, in pertinent part, provides: "If the district attorney general believes that a defendant should be sentenced to an enhanced punishment for a second or subsequent violation of the crime charged or, for an especially aggravated offense or as a persistent offender, he shall file a state-

ment thereof with the court and defense counsel before trial or acceptance of a guilty plea on the primary offense." T.C.A. § 40–35–202(a).

Shortly following the enactment of the quoted statute, this Court adopted Rule 12.3(a), Tennessee Rules of Criminal Procedures, which provides:

Written statements of the district attorney giving notice that the defendant should be sentenced to an enhanced punishment, for an especially aggravated offense, and/or as a persistent offender shall be filed not less than ten (10) days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant upon his motion a reasonable continuance of the trial.

The official comment of the rules committee in explanation of Rule 12.3(a) is as follows:

Subsection (a) requires that written notice under T.C.A. Section 40–35–202(a) be filed within ten days of trial. This time limitation will allow defense lawyers an opportunity to plan their trial strategy or engage in appropriate plea negotiations. Nevertheless, since the notice requirement is based to a large extent on defendant's prior record, this record may only come to light shortly before trial. Under this and related circumstances, it would be unfair for the State to proceed to trial unable to establish proof at the sentencing hearing. Consequently, the State may provide notice in less than ten (10) days but the defendant is entitled to a continuance to rechart his course of action. If the defendant does not request a continuance, the written notice shall be valid.

In this case the defendant was convicted of robbery and sentenced to fifteen years imprisonment as a Range II offender. On this appeal he contends that the State failed to comply with the requirements of the foregoing statute and rule of court and that for that reason the court was without authority to sentence him as a Range II offender, but could only sentence him as a Range I offender. The Court of Criminal Appeals agreed with this insistence of the

defendant and in a two to one decision vacated his sentence and remanded for a new sentencing hearing as a Range I offender. Presiding Judge Walker and Judge John Byers concurred in the majority; Judge Lloyd Tatum dissented.

On the issue presented, I approve the reasoning and conclusions of Judges Walker and Byers and, accordingly, adopt that portion of their opinion as my own, to-wit:

Stephenson contends that the trial court erred in sentencing him as a Range II offender or for an especially aggravated offense. He points out that the record fails to show that the state either filed or furnished defense counsel before trial with a statement of its intention to seek enhanced punishment for an especially aggravated offense.

The record shows that the trial began November 13, 1984, and that on the same day the state filed and certified on defense counsel its notice to seek enhanced punishment for an especially aggravated offense. The state does not contend that the notice was filed or served before trial.

T.C.A. § 40–35–202(a) requires:

If the district attorney general believes that a defendant should be sentenced to an enhanced punishment ..., for an especially aggravated offense ..., he shall file a statement thereof with the court and defense counsel before trial or acceptance of a guilty plea on the primary offense.

The state argues that Stephenson should have asked for a continuance as provided by Tenn.R.Crim.P. 12.3(a). This rule provides for the district attorney general to give notice of not less than ten days prior to trial of his intention to seek enhanced punishment. If less notice is given, the trial judge shall grant a reasonable continuance on defendant's motion.

With nothing in the record to show that Stephenson received the notice before trial, we do not think he was required to ask for a continuance.

In *State v. Pender*, 687 S.W.2d 714 (Tenn.Cr.App.1984), the state did not file

before, during or after trial a notice to seek enhanced punishment under T.C.A. § 40–35–202(a). This court held that the trial court was without authority to impose a Range II sentence. In the opinion on the petition to rehear, we said:

The State has filed a petition to rehear requesting us to reconsider our ruling that the State is obligated to comply with the notice requirements of T.C.A. § 40–35–202(a) (1982) before a Range II sentence can be imposed upon a defendant. This we decline to do. The Legislature has expressly mandated this requirement and we see no reason why the State should be relieved of its obligation to follow the law.

We remanded the *Pender* case for a new sentencing hearing for the trial judge to fix the defendant's hearing [sic] within Range I.

One of the purposes of the Criminal Sentencing Reform Act of 1982 is to provide "fair warning of the nature of sentence to be imposed." T.C.A. § 40–35–102(2). The intention of this notice is to inform the defendant of the type of sentence sought by the state rather than to notify the defendant of his criminal record which, in most cases, he will already know. Without the proper notice, we do not think a Range II sentence should have been imposed on Stephenson.

... The judgment of conviction is affirmed as to Stephenson, but we remand the case as to him to the trial court for a new sentencing hearing, at which time the trial court shall fix his sentence within Range I.

I conclude that the appellate court has made a proper construction and application of the statute, T.C.A. § 40–35–202(a) and Rule 12.3(a) of the Tennessee Rules of Criminal Procedure. It is the duty of the courts to construe those provisions to effectuate their manifest purpose and policy. The statute requires that the required notice be filed "before trial" and Rule 12.3(a) requires that the notice be filed not less than ten days "prior to trial." This Court, speaking through Chief Justice Harbison,

recently construed similar "before trial" language in Rule 14(a), Tennessee Rules of Criminal Procedure as follows:

When a procedural rule or a statute requires filing before trial, ordinarily this connotes a date previous to that upon which the trial is set to begin. As stated in *State v. Hamilton*, 628 S.W.2d 742, 744 (Tenn.Crim.App.1981):

"We agree with the trial court's interpretation of Rule 12(b)(3), T.R.Cr.P. in which he stated 'prior to trial' means some time earlier than 'the day of the trial when the jury is waiting in the hall.'"

*State v. Smith*, Tenn., 701 S.W.2d 216, 217 (1985).

I see no reason to construe that language any differently in the case before us. Both in this case and in the *Smith* and *Hamilton* cases, the language, "before trial" and "prior to trial" are held to mean the same thing, that is, "a date previous to that upon which the trial is set to begin."

The record in the instant case shows merely that the notice was filed by the attorney general on the same date as the date on which the trial began. Obviously this was not a compliance with the statute or the rule. Neither can we accede to the urging of the State that its failure to file the notice "before trial" should be treated as a mere harmless error; such a construction would have the effect of emasculating the statute and the rule and defeating the policy sought to be enforced. When an error results in "prejudice to the judicial process" it constitutes a ground for reversal as much as does an error "involving a substantial right" of a party. Rule 36(b), Rules of Appellate Procedure; *State v. Onidas*, Tenn., 635 S.W.2d 516 (1982). *See also State v. Gorman*, Tenn., 628 S.W.2d 739 (1982).

I would hold that the State lost its right to subject the defendant to enhanced punishment by its failure to file the require notice "before trial." That was the conclusion of the Court of Criminal Appeals and I would affirm that conclusion.

If the State had filed its notice less than ten days prior to trial, as provided by Rule 12.3, but did file the notice on "a date previous to that upon which the trial was set to begin," it would have retained the power to seek enhanced punishment, although the defendant by filing a timely motion for a continuance would have been entitled to such continuance. However, that is not the case presented on this record.

I would affirm the judgment of the Court of Criminal Appeals, remanding defendant Stephenson's case to the trial court for a new sentencing hearing, at which time the trial court could fix his punishment within Range I.