**STATE of Tennessee, Plaintiff/Appellee,**

v.

**John Cullen LOWE, Defendant/Appellant.**

Supreme Court of Tennessee, at Jackson.

June 10, 1991.

Charles W. Burson, Atty. Gen. & Reporter and Joel W. Perry, Asst. Atty. Gen., Nashville, for defendant/appellant.

W. Mark Ward, Memphis, for plaintiff/appellee.

## OPINION

ANDERSON, Justice.

This appeal raises the question whether an accused has an absolute statutory right to a trial continuance if the state files an untimely notice of its intent to seek an enhanced sentence. We hold that an accused has such a right, and consequently, we vacate the defendant's sentence and remand for a new sentencing hearing.

On September 23, 1988, the Shelby County Grand Jury returned an indictment charging the defendant Lowe with the offense of robbery with a deadly weapon. A trial date was set for August 8, 1989. On August 2, 1989, six days prior to trial, the state filed its notice advising that it would seek an enhanced sentence based upon newly-discovered evidence of the defendant's prior criminal record. On August 7, 1989, the defendant filed a motion for a continuance on the grounds that the defendant had a right, pursuant to Tenn. R.Crim.P. 12.3(a), to ten days' notice of the state's intention to seek an enhanced sentence.

On August 9, 1989, the defendant was convicted of robbery with a deadly weapon and on October 17, 1989, the defendant was sentenced to 50 years imprisonment as a Range II, Class X, persistent offender. The Court of Criminal Appeals held that because the defendant failed to show prejudice, the state's notice was effective; as a result, the Court of Criminal Appeals affirmed the defendant's conviction and sentence. We granted the defendant's application for permission to appeal in this case, to consider whether the right to a continuance after the filing of an untimely Rule 12.3

notice is absolute, or rather is subject to harmless error analysis. We hold that the right is absolute, and that when faced with such a motion for continuance, the trial judge must either strike the notice of enhancement and proceed to trial, or grant a continuance of at least ten days from the date of the entry of the court order resetting the case for trial.

Tennessee Code Annotated, § 40–35–202(a) provides, in pertinent part:

> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, he shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea;....

Pursuant to this statute, Rule 12.3(a) of the Tennessee Rules of Criminal Procedure provides that "if the notice [required by Tenn.Code Ann. § 40–35–202(a) ] is filed later than this time, the trial judge *shall* grant the defendant upon his motion a reasonable continuance of the trial." (Emphasis added.) It is academic that the use of the word "shall" in a statute is indicative of a mandatory legislative intent. *See Blankenship v. State*, 223 Tenn. 158, 443 S.W.2d 442, 445 (1969); *Stubbs v. State*, 393 S.W.2d 150, 154 (Tenn.1965); *Louisville & Nashville R. Co. v. Hammer*, 191 Tenn. 700, 236 S.W.2d 971, 973 (1951).

Moreover, the Advisory Commission Comment to Rule 12.3(a) contemplates precisely the same circumstances as the present case, and states the rationale for the mandatory rule:

> Subsection (a) requires that written notice under T.C.A. § 40–35–202(a) be filed within ten (10) days of trial. This time limitation will allow defense lawyers an opportunity to plan their trial strategy or engage in appropriate plea negotiations. Nevertheless, since the notice requirement is based to a large extent on a defendant's prior record, this record may only come to light shortly before trial. Under this and related circumstances, it would be unfair for the state to proceed to trial unable to establish proof at the sentencing hearing. Consequently, *the state may provide notice in less than ten (10) days but the defendant is entitled to a continuance to rechart his course of action.* If the defendant does not request a continuance, the written notice shall be valid.

(Emphasis added.)

We have recently recognized that:

> The purpose of subsection (a) is to provide fair notice to an accused that he is exposed to other than standard sentencing. It is intended to order plea-bargaining, to inform decisions to enter a guilty plea, and to aid to some extent trial strategy. Notice is important not only in preparation for a sentencing hearing, but in evaluating the risks and charting a course of action before trial. The legislature has expressly placed the responsibility of notice upon the district attorney, along with the discretion to seek enhanced sentencing.

*State v. Adams*, 788 S.W.2d 557, 559 (Tenn. 1990).

We hold that the trial judge's refusal to sustain the defendant's motion for a continuance, pursuant to Tenn.R.Crim.P. 12.3(a), dictates that the notice of enhancement must be stricken.

Our holding is not inconsistent with *State v. Stephenson*, 752 S.W.2d 80 (Tenn. 1988), in which we held that:

> In the absence of a [defendant's] motion for continuance, in our opinion, any objection to the delayed notice by the state ordinarily should be deemed to have been waived.

*Id.* at 81. *Stephenson* presents the other possible circumstance contemplated by the Advisory Commission Comment to Rule 12.3: where a defendant does not request a continuance, the untimely notice of enhancement shall be valid.

For the reasons stated herein, the defendant's Range II sentence is vacated, and the case is remanded to the trial court for resentencing of the defendant as a Range I offender. Costs are taxed to the state.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.