IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 13, 2004 Session

## STATE OF TENNESSEE v. BEN THOMAS DOWLEN

**Appeal from the Circuit Court for Montgomery County**
**No. 40000231     John H. Gasaway, Judge**

_____

**No. M2003-00508-CCA-R3-CD - Filed July 20, 2004**

_____

In this action which originated as a post-conviction proceeding seeking the grant of both a delayed appeal and a new trial due to ineffective assistance of counsel, Ben Thomas Dowlen appeals. We affirm the lower court's ruling on the sentencing issue raised in the delayed appeal, and we likewise affirm the lower court's denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the Appellant, Ben Thomas Dowlen.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General; John Wesley Carnery, Jr., District Attorney General; and C. Daniel Brollier, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The background of this proceeding is somewhat convoluted. The petitioner filed a post-conviction petition alleging that he had not received the effective assistance of counsel in the conviction proceedings because counsel failed to communicate with him during the proceedings and failed to advise him of his right to file a motion for new trial and direct appeal. He made other allegations regarding the validity of a search warrant. He sought a delayed appeal. He likewise sought "[t]hat [his] sentence be set aside."

At the beginning of the post-conviction hearing, the parties announced that they had agreed that the petitioner was entitled to relief on his delayed appeal claim, and the court agreed to enter an order allowing the petitioner thirty days to file a motion for new trial. The petitioner then proceeded to present proof pertaining to his claims of ineffective assistance of counsel and search warrant invalidity. The lower court thereafter entered an order granting the petitioner a delayed

motion for new trial but denying "[a]ll other aspects of the petition . . . for the reasons set forth on the record."

The petitioner filed a motion for new trial in which he alleged that the evidence did not sufficiently support his conviction and that he had received an excessive sentence. He filed a second motion for new trial which added two additional issues, that the jury had improperly weighed the evidence and that trial counsel had rendered ineffective assistance. However, he did not pursue these two additional issues at the hearing on the motion for new trial. At the hearing, the lower court denied the motion. This appeal followed.

In his appeal, the petitioner alleges that he was denied the effective assistance of counsel in the conviction proceedings, for which he seeks to have his conviction set aside. He likewise alleges that he was improperly sentenced as a Range II, rather than Range I, offender, for which he seeks a reduction in the length of the sentence imposed in the conviction proceedings.

We begin with a brief review of the law relative to post-conviction proceedings and delayed appeals. The Post-Conviction Procedure Act allows two distinct types of relief. Perhaps the more familiar and frequently sought remedy is that of having the conviction judgment set aside, *see* Tenn. Code Ann. § 40-30-111(a) (2003), as in the case of a showing of ineffective assistance of counsel. The Act also provides that the court may grant a successful petitioner a delayed appeal, *see id.*, as in the case of a showing that the petitioner was unconstitutionally denied the right to appeal his conviction, *see id.* § 40-30-113(a) (2003).

When a petitioner seeks both types of relief under the Post-Conviction Procedure Act and has demonstrated that he is entitled to a delayed appeal, the proper procedure at the time that the lower court adjudicated the petitioner's claims was for that court to have granted the delayed appeal and to have entered a dismissal without prejudice of the collateral attack to the conviction. *Gibson v. State*, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998); *see also Hughes v. State*, 77 S.W.3d 801, 802-03 (Tenn. Crim. App. 1998). The then-current rationale was that both a direct appeal of a conviction and a collateral attack to that same conviction may not be maintained simultaneously. *Gibson*, 7 S.W.3d at 49; *Laney v. State*, 826 S.W.2d 117, 118 (Tenn. 1992); *see* Tenn. Code Ann. § 40-30-102(a) (2003) (post-conviction attack may be mounted to "final" judgments). Since the lower court's adjudication, however, Supreme Court Rule 28 has been amended and apparently contemplates that the collateral-attack issues will be adjudicated along with the question of the propriety of a delayed appeal. *See* Tenn. R. Sup. Ct. 28, § 9(D). Although the supreme court provided for a stay of the post-conviction collateral-attack proceedings pending a Tennessee Rule of Appellate Procedure 11 delayed appeal and pending a Rule 3 delayed appeal granted by the *appellate* court, Rule 28 makes no stay provision when the *post-conviction* court grants a Rule 3 appeal. *See generally* Tenn. P. Sup. Ct. 28, § 9(D). The absence of the provision is comspicuous to us.

In the case at bar, the lower court heard evidence on the petition and at the conclusion of the hearing made findings relative to both theories of relief sought by the petitioner. In the written

order that followed, the court granted relief on the delayed appeal claim but denied relief on the collateral attack "for the reasons set forth on the record." In the appeal presently before this court, the petitioner has pursued both a delayed appeal and an appeal of the denial of relief on the collateral attack.

We are not inclined to correct the lower court's action in considering the collateral attack given that the procedure the lower court employed apparently has now been sanctioned by the supreme court. Accordingly, we turn to the merits of the petitioner's delayed direct appeal issue, whether he was properly sentenced as a Range II offender. The petitioner contends that his attorney did not receive the state's notice of intent to seek Range II sentencing and due to this shortcoming, he should have been sentenced as a Range I offender. The state contended that it mailed the notice to defense counsel when it timely filed the original. Moreover, the state claimed that the petitioner's Range II status was discussed with defense counsel during plea negotiations.

Under Code section 40-35-202(a), the prosecution must file a notice of intent to seek enhanced punishment at least ten days prior to trial or acceptance of a guilty plea. Tenn. Code Ann. § 40-35-202(a) (2003); *see also* Tenn. R. Crim. P. 12.3(a), (c) (also requiring notice to be served on defense counsel). If the notice is not timely filed, the defendant is entitled to a continuance. Tenn. R. Crim. P. 12.3(a). In the absence of a defense motion for a continuance, objection to a late filed notice is waived. *State v. Stephenson*, 752 S.W.2d 80, 81 (Tenn. 1988); *State v. Gilmore*, 823 S.W.2d 566, 570 (Tenn. Crim. App. 1991) (applying *Stephenson* to 1989 Criminal Code). Moreover, the untimely filing of the notice does not entitle the defendant to Range I sentencing in the absence of a demonstration of prejudice. *Stephenson*, 752 S.W.2d at 81.

The record of the conviction proceedings reflects that defense counsel objected at the sentencing hearing to the petitioner being classified as a Range II offender because he claimed he had only learned two days earlier that the state had filed a notice seeking enhanced sentencing. The defense did not dispute that the notice was timely filed, only whether a copy of it was served on him at the time of its filing. The state claimed that it had mailed a copy of the notice to defense counsel at the time of its timely filing of the notice. Moreover, the state asserted that the petitioner's Range II status had been part of the plea bargaining discussions and that it had served discovery information on defense counsel which revealed the petitioner's Range II status.

The defense did not request a continuance when it learned of the notice. Further, the petitioner has not demonstrated prejudice from the alleged lack of ten-days' notice. For example, he has not shown that he was not, in actuality, a Range I offender. Likewise, he has not shown that he would have accepted a plea agreement that was more favorable than the sentence imposed if he had known that the state would seek Range II sentencing.

Given that the defense neither requested a continuance nor has demonstrated prejudice, the petitioner cannot prevail on this claim.

-3-

We therefore move on to the petitioner's bid for post-conviction relief. In the lower court, the petitioner had the burden of proving the claims raised by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (2003). On appeal, the post-conviction court's factual findings are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise; however, that court's conclusions of law receive purely *de novo* review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

When a petitioner challenges the effective assistance of counsel in a post-conviction proceeding, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v. State*, 874 S.W.2d 6, 11 (Tenn. 1994). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995). Because a petitioner must establish both deficient representation and prejudice therefrom, relief may be denied when proof of either is deficient. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

The petitioner claimed below that his attorney in the conviction proceedings did not provide effective assistance. He focused his attack to allegations of counsel's having failed to file pretrial motions, having failed to prepare for trial, and having failed to communicate with him. In his appellate brief, the petitioner focuses on trial counsel's failure to secure the attendance of a witness at trial. This witness testified at an earlier probation revocation proceeding that the drugs that the petitioner was charged with possessing were actually his, not the petitioner's. Defense counsel's opening statement forecasted that the witness would testify along these lines. However, the witness was not subpoenaed, and when he did not appear for trial, counsel sent some of the petitioner's friends to bring him to court. Thereafter, the witness did not return after a lunch break and therefore was not available to be a witness for the petitioner. The petitioner claims that counsel should have subpoenaed this witness, should have done something to keep the witness at the courthouse, and after the witness disappeared, counsel should have sought a continuance. Counsel testified at the post-conviction hearing that he did not subpoena the witness because on prior occasions, the witness had always appeared for hearings. He claimed that before the trial began, he moved for a continuance based on the witness' absence, but it was denied. Further, he claimed that he had the petitioner's friends find the witness and bring him to court, although the witness disappeared during a lunch break.

Upon receiving the evidence, the lower court found that the petitioner had not established that he was entitled to relief on a claim of ineffective assistance of counsel. With respect to the missing witness issue, the court did not directly resolve the issue whether counsel's performance had been deficient, although it found that even if deficient performance were assumed, the petitioner had not established that he was prejudiced by the witness' nonappearance.

Specifically, the court found that the witness' testimony at the revocation hearing had been "completely unbelievable" and was contrary to the petitioner's own inculpatory pretrial statement in which he admitted selling drugs to finance his daughter's college education. Thus, the court denied relief.

On appeal, the petitioner has focused his claim of ineffectiveness on the absent witness. However, he has not carried his burden of convincing us that the lower court erred in denying relief. We are unconvinced, as was the lower court, that either counsel's unfulfilled prediction in the opening statement of the witness' testimony or the absence of the witness' testimony had a detrimental impact on the outcome of the case. The petitioner gave an inculpatory statement, and the court found that the witness' earlier testimony was not credible.

In conclusion, we affirm the petitioner's Range II sentence. We affirm the lower court's order denying post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE