IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2011

## CARL ROSS v. HENRY STEWARD, WARDEN, AND STATE OF TENNESSEE

Appeal from the Circuit Court for Lauderdale County
No. 6496    Joe H. Walker, III, Judge

No. W2011-01634-CCA-R3-HC  - Filed January 12, 2012

The Petitioner, Carl Ross, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief from his 1995 convictions for two counts of attempted second degree murder, three counts of aggravated robbery, and one count of theft over $1000, and resulting sentence of 162 years' confinement. The Petitioner contends that the trial court did not have jurisdiction to sentence him as a Range III, career offender. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Carl Ross, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter and Jeffrey D. Zentner, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 27, 1995, the Petitioner was convicted by a Shelby County Criminal Court jury of the above offenses. On February 3, 1995, the State filed a notice of enhanced punishment and a motion for consecutive sentencing. The trial court classified the Petitioner as a Range III, career offender and imposed consecutive sentences of thirty years for each

attempted second degree murder and aggravated robbery conviction and twelve years for the theft conviction, giving the Petitioner an effective 162-year sentence.

The Petitioner filed a petition for habeas corpus relief contending that his convictions were void because the trial court lacked jurisdiction to classify him as a Range III, career offender. The Petitioner argued that the trial court lacked authority to sentence him as a career offender because the State failed to file a timely notice of enhanced punishment. The trial court summarily dismissed the petition because the Petitioner failed to show that his sentences were illegal. The trial court found that the Petitioner's sentences had not expired, that they were lawful, and that the trial court had jurisdiction to sentence the Petitioner. This appeal followed.

On appeal, the Petitioner contends that the trial court lacked jurisdiction to sentence him as a Range III, career offender because the State failed to file a timely notice of enhanced punishment. The Petitioner does not challenge the trial court's imposition of consecutive sentencing. The State contends that the Petitioner has failed to establish that he is entitled to relief. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (1964). The trial court, however, may dismiss a petition for writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see T.C.A. § 29-21-109 (2010).

Tennessee Code Annotated section 40-35-202(a) reads in relevant part, "If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial." T.C.A. § 40-35-202(a) (2010). The sentencing commission comments for this section state that subsection (a) "requires that the district attorney general file a notice with the court and defense counsel setting forth the nature of any prior convictions which will later be utilized for sentencing enhancement purposes." See also Tenn. R. Crim. P. 12.3(a), Advisory Comm'n Cmts. (stating that if notice is filed in less than ten days, the defendant may request a reasonable continuance but that the notice shall be valid if the defendant does not request a continuance).

A defendant is entitled to a continuance at a sentencing hearing when the State files an untimely notice of enhanced punishment. See State v. Hines, 919 S.W.2d 573, 579 (Tenn. 1995); see also State v. Thompson, 36 S.W.3d 102, 115 (Tenn. Crim. App. 2000). The "remedy for untimely notice is the option of a continuance for the defense, not preclusion of the State from seeking enhanced punishment." Thompson, 36 S.W.3d at 115. "In the absence of a motion for continuance . . . any objection to the delayed notice by the State ordinarily should be deemed to have been waived." State v. Stephenson, 752 S.W.2d 80, 81 (Tenn. 1988) (holding waiver where the defendant did not raise the issue at the trial, at the sentencing hearing, or on the motion for a new trial).

Our supreme court has held that if a trial court sentences a Petitioner in the incorrect range, "this non-jurisdictional error renders the judgment voidable, not void, and does not entitle [the petitioner] to habeas corpus relief." Edwards v. State, 269 S.W.3d 915, 917 (Tenn. 2008).

> A brief consideration of the methodology used to determine a defendant's offender classification (which also determines his sentencing range), the length of his sentence, the manner of service of his sentence, and whether multiple sentences should run concurrently or consecutively, demonstrates why these issues depend upon findings of fact and are therefore appropriately raised only on direct appeal.

Cantrell v. Easterling, 346 S.W.3d 445, 450 (Tenn. 2011); see also Davis v. State, 313 S.W.3d 751, 760 (Tenn. 2010); Cecil Collins v. State, No. 03C01-9805-CR-00192, Knox County (Tenn. Crim. App. July 28, 1999) (stating that a challenge to a Range II, multiple offender classification is not a cognizable habeas corpus claim), perm. app. denied (Tenn. Nov. 22, 1999).

The Petitioner's contention that the trial court improperly sentenced him as a Range III, career offender is not a cognizable claim for habeas corpus relief. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE