IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 28, 2015, at Knoxville

## STATE OF TENNESSEE v. CHAD M. NICOL

**Appeal from the Criminal Court for Wilson County**
**No. 13-CR-615       David Earl Durham, Judge**

_____

**No. M2014-01474-CCA-R3-CD - Filed July 14, 2015**

_____

The Defendant, Chad M. Nicol, pleaded guilty to passing a worthless check of more than $500. The trial court sentenced him as a career offender to serve six years in the Tennessee Department of Correction. On appeal, the Defendant contends that the trial court erred when it sentenced him as a career offender. He further contends that the trial court erred when it ordered his sentence to be served consecutively to his sentence for another conviction and when it ordered him to serve his sentence in confinement. After a thorough review of the record and the applicable authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Jonathan M. Tinsley, Lebanon, Tennessee, for the appellant, Chad M. Nicol.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Tom P. Thompson, Jr., District Attorney General; James Lea, Jr., and Brian W. Fuller, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Defendant writing a worthless check to a jeweler in Lebanon, Tennessee. A Wilson County grand jury indicted the Defendant for passing a worthless check of more than $500, and the Defendant pleaded guilty as charged. At the January 29, 2014, guilty plea hearing, the State announced the factual basis underlying the guilty plea as follows:

[O]n December 3, 2011, the victim in this case, Shawn Smith, . . . a jeweler here in Lebanon, Wilson County, would state that the Defendant, [], came in to the store, made a purchase from the jeweler in the amount of [$785.84].

[The Defendant] made that purchase with a check on the account of Nora Lynn Nicol and [the Defendant]. It's [the Defendant's] signature on the check. That check came back insufficient funds. A few days later the store did try to contact [the Defendant]. [The store made] contact with him several times. He continuously promised that he would come back in with the money. They did send him a letter stating that he needed to take care of the check. The check was never picked up and never paid.

The State also made the following statement in open court:

[The Defendant] wants to enter a plea with a sentencing hearing. He's pleading guilty to a worthless check [charge] which is [a Class] E felony. [The State has] advised him . . . that his range would be anywhere from one to six years, Your Honor. He's possibly a career offender and [the State will] be filing an enhancement notice.

Based upon this evidence, the trial court accepted the Defendant's guilty plea. The trial court addressed the State's intention to file an enhancement notice and advised the Defendant that his prior convictions might place him in a higher sentencing range. The Defendant acknowledged his understanding of this possibility. On May 20, 2014, the State filed a notice of its intent to seek enhanced punishment for the Defendant as a career offender (hereinafter "notice").

A sentencing hearing was held on May 30, 2014, wherein the State offered the presentence report and certified copies of the Defendant's prior convictions, which the trial court admitted into evidence. Also admitted into evidence were records provided by the Defendant in support of mitigation, copies of judgments for the Defendant's prior convictions, and a booklet of statutory authority in support of his arguments. After hearing arguments and considering the evidence, the trial court stated that, for sentencing range purposes, it was considering the Defendant's six prior felonies committed before December 2011, the date of the Defendant's current offense. Based upon this finding, the trial court determined that the Defendant was a career offender. *See* T.C.A. § 40-35-108(a)(3) (2014).

The trial court next considered the mitigating factors. The trial court stated that it was

"helpful to the Defendant that he had been on good behavior while incarcerated. However, the trial court did not find any mitigating factors applicable for this particular offense. The trial court found two consecutive sentencing factors applicable: factor (2), that the Defendant's record of criminal activity was extensive; and factor (6), that the Defendant was being sentenced for an offense committed while he was on probation. T.C.A. § 40-35-115 (2), (6) (2014). The trial court noted that the Defendant had at least twenty-two convictions in Wilson, Sevier, and Cocke Counties. The trial court went on to state that sentencing alternatives were not appropriate in this case because the Defendant was serving a sentence for a Cocke County conviction at the time he was being sentenced. The trial court found that probation or other less restrictive means of punishment were not appropriate considering that the Defendant was a career offender and had been unsuccessful at completing sentences involving probation.

The trial court sentenced the Defendant to six years as a career offender in the Tennessee Department of Correction and ordered that his sentence be served consecutively to his sentence in Cocke County. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant makes several arguments in regard to his sentence. He contends that the trial court erred in sentencing him as a career offender because the State filed a "defective" and "untimely" notice of its intent to seek the enhanced sentence. The Defendant next contends that the trial court erred when it ordered his current sentence to run consecutively to his sentence in Cocke County. He states that he entered his plea under the false impression that this sentence would be served concurrently with his Cocke County sentence. Finally, the Defendant contends that the trial court erred when it ordered him to serve his sentence in confinement. The State counters that the record supports the trial court's sentencing determinations. We agree with the State.

In *State v. Bise*, the Tennessee Supreme Court reviewed changes in sentencing law and the impact on appellate review of sentencing decisions. The Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id*. at 554-55; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. So long as the trial court sentences within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. *Id.* at 707.

Our Supreme Court extended the *Bise* standard to appellate review of the manner of service of the sentence and consecutive sentencing. The Court explicitly held that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). In *State v. Pollard*, the Court held, "the appropriate standard of appellate review for consecutive sentencing is abuse of discretion accompanied by a presumption of reasonableness." 432 S.W.3d 851, 860 (Tenn. 2013). We also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* T.C.A. § 40-35-210 (2014); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103 (2014).

## A. Notice of Enhanced Punishment

The Defendant contends that the State's notice of its intent to seek career offender status failed to comply with the statutory ten-day notice requirement. T.C.A.§ 40-35-202(a) (2014). He also contends that the prior offense dates listed on the judgments for those offenses are incorrect because the prior offenses were part of a "crime spree" wherein the forged checks were written within a 24 hour period. The State replies that the Defendant had actual knowledge when he entered his guilty plea that the State would be seeking an enhanced sentence based upon the prosecutor's statements at the guilty plea submission hearing. The State further responds that the faces of the prior judgments indicate six prior

felony convictions for six offenses committed on six different dates, thus warranting the career offender classification. The State also points out that the Defendant's argument pertaining to the issue of the dates of his prior offenses should have been raised at the time those judgments were entered.

"If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea[.]" T.C.A. § 40-35-202(a); *see also* Tenn. R. Crim. P. 12.3(a). As stated in Rule 12.3(a), the relief available to a defendant when the State provides an untimely notice is a "reasonable continuance" of the proceedings. The Rule's comments note that if the State's notice is untimely, "the defendant is entitled to a continuance to rechart a course of action[,]" but "[i]f the defendant does not request a continuance, the written notice shall be valid." Tenn. R. Crim. P. 12.3(a), Advisory Comm'n Cmts.

The issue of an untimely notice was addressed by our Supreme Court in *State v. Livingston*, 197 S.W.3d 710 (2006), wherein the State's notice was filed pursuant to the original indictment; no such notice was filed when the indictment was later amended. The defendant in *Livingston* contended that the State's failure to file a second notice with the superseding indictment prevented enhancement of his sentence. Our Supreme Court disagreed, stating that "perfect" notice of sentence enhancement is not required, only "some" notice and noted that the defendant had knowledge of the original notice filing. *Id.* at 713, 715. Thus, the Court held that the defendant "had fair warning that the State intended to seek enhanced punishment" for his crimes and therefore, the "purpose" of section 40-35-202(a) had been "accomplished." *Id.* at 716.

The Court's opinion in *Livingston* also noted its earlier decision in *State v. Stephenson*, 752 S.W.2d 80 (1988), wherein it held that an untimely notice was not "ineffective in the absence of some showing of prejudice on the part of the accused, particularly where defense counsel does not move for a continuance or postponement of the trial as he is clearly authorized to do under Rule 12.3(a)." *Id.* at 81. The Court further noted that "[i]n the absence of a motion for continuance, in our opinion, any objection to the delayed notice by the State ordinarily should be deemed to have been waived." *Id.*

In the present case, the State announced at the guilty plea hearing that the Defendant was "possibly a career offender" and stated its intention to file a notice seeking an enhanced sentencing range. The trial court made clear to the Defendant that his prior convictions might place him in a higher sentencing range. The Defendant acknowledged that he understood this possibility. Written notice of the State's intention was filed after the guilty plea and before the sentencing hearing, providing the Defendant with a specific list of the

prior convictions the State sought to use to enhance his sentence.

We acknowledge our Supreme Court's admonishment that "good practice requires that the notice be filed in accordance with the procedural rule." *Stephenson*, 752 S.W.2d at 81. Based upon these facts, however, we conclude that the Defendant was given sufficient notice of his sentencing enhancement possibilities, both at the guilty plea hearing and in the written notice filed ten days before the sentencing hearing. Accordingly, we conclude that the State's notice was valid. *Id.*

As to the Defendant's challenge to the accuracy of the dates of his prior offenses listed on the judgments, the Defendant's criminal history included seven prior felony convictions for offenses committed on seven separate dates. Therefore, the career offender sentencing classification was proper. The Defendant is not entitled to relief on this issue.

### B. Consecutive Sentencing

The Defendant next contends that the trial court erred when it ordered consecutive sentencing. The Defendant claims that he entered his guilty plea "under the false impression" that consecutive sentencing was not "mandated by statute." The State counters that the Defendant's extensive criminal history warranted consecutive sentences. We agree with the State.

Consecutive sentencing is a matter addressed to the sound discretion of the trial court. *State v. James*, 688 S.W.2d 463, 465 (Tenn. Crim. App. 1984). A trial court may order multiple sentences to run consecutively if it finds, by a preponderance of the evidence, that at least one of the seven statutory factors exists. T.C.A. § 40-35-115(b)(1)-(7) (2014). In addition to these criteria, consecutive sentencing is subject to the general sentencing principle that the length of a sentence should be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved for the offense committed." T.C.A. § 40-35-102(1), -103(2) (2014); *see also State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002).

In this case, the trial court found two consecutive sentencing factors applicable: factor (2), that the Defendant's record of criminal activity was extensive; and factor (6), that the Defendant was being sentenced for an offense committed while he was on probation. T.C.A. § 40-35-115 (2), (6) (2014). The trial court stated that it was clear from the evidence that the Defendant was on probation when he committed this offense, in support of factor (6). In discussing the applicability of the factor (2) to the Defendant, the trial court stated the following:

The Defendant is an offender whose record of criminal activity is

extensive. That does exist. When I counted up the total number of actual convictions, [I counted] twenty-two.

So I did look at these other statutes. You know, I must look at sentencing alternatives under [T.C.A. §] 40-35-114. They're not applicable because [the Defendant] is now [serving] an eight year sentence currently, is my understanding from Cocke County. The sentencing considerations under [T.C.A. §] 40-35-103, the Court did consider all of those, and there's one particularly I'd like to point out and that is [T.C.A. §] 40-35-103(1)(c), which states, measures less restrictive than confinement have frequently been applied or recently been applied unsuccessfully to the Defendant.

We conclude that the evidence supports the trial court's imposition of consecutive sentences. The evidence at the sentencing hearing supports the trial court's determination that the Defendant was serving a probation sentence at the time of this offense. Further, the certified copies of the Defendant's prior convictions support a finding that the Defendant has an extensive history of criminal activity. The Defendant is not entitled to relief on this issue.

### C. Manner of Service

The Defendant lastly contends that the trial court erred when it ordered him to serve his sentence in confinement. He contends that this punishment for "writing one worthless check" is "much greater than that deserved for the offense committed." The State responds that the trial court did not abuse its discretion when it ordered the Defendant to serve his sentence in confinement. We agree with the State.

We reiterate that the manner of service of a sentence ordered by the trial court is presumptively reasonable unless the Defendant can demonstrate that the sentence was improper. *See Pollard*, 432 S.W.3d at 860; *Ashby*, 823 S.W.2d at 169. The trial court stated its reasons for ordering the Defendant to serve his sentence rather than granting him probation. That the Defendant had been given multiple chances with alternative sentencing that proved unsuccessful. The Defendant's conviction follows a long list of prior offenses involving similar behavior. Accordingly, we conclude that the trial court did not abuse its discretion when it ordered the Defendant to serve his sentence in confinement. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's judgment.

_____

ROBERT W. WEDEMEYER, JUDGE