IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2015

**STATE OF TENNESSEE v. DERRON GUY**

**Appeal from the Criminal Court for Shelby County**
**No. 0906692, 1000740, 1000741     Lee V. Coffee, Judge**

_____

**No. W2015-00536-CCA-R3-CD  -  Filed November 20, 2015**

_____

Appellant, Derron Guy, pleaded guilty to two counts of carjacking, one count of aggravated robbery, two counts of employing a firearm during the commission of a dangerous felony, one count of attempted carjacking, and one count of possession of a firearm with the intent to go armed during the attempt to commit a felony.  Pursuant to the terms of his guilty plea, he received an effective sentence of 22.2 years in confinement.  In this motion to correct an illegal sentence, filed pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, he argues that: (1) his effective sentence extends beyond that permitted by statute; (2) his plea improperly "coupled" different offender ranges within the same proceeding; and (3) the trial court's failure to sever the offenses rendered his sentence illegal.  The trial court summarily dismissed the motion for appellant's failure to state a colorable claim.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Derron Guy, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Appellant was indicted for several criminal offenses as set forth below. The disposition of each case is also noted:

| Case No. | Count | Offense/Date | Felony Grade | Disposition | Sentence Length | Alignment[1] |
|---|---|---|---|---|---|---|
| 09-06692 | I | Carjacking 7/15/09 | Class B | Guilty plea | 7.2 years at 20% (mitigated) | CS to Count II |
| | II | Employing a firearm 7/15/09 | Class C | Guilty plea | 6 years (mandatory) at 100% | CS to Count I and all other counts |
| 10-00740 | I | Carjacking 7/3/09 | Class B | Guilty plea | 7.2 years at 20% mitigated) | CS to Count II of -06692 and Count III of -00740 |
| | II | Aggravated robbery 7/3/09 | Class B | Guilty plea | 7.2 years at 20% (mitigated) | CS to Count II of -06692, Count III of -00740, and Count II of -0741 |
| | III | Employing a firearm 7/3/09 | Class C | Guilty plea | 6 years (mandatory) at 100% | CS to all other counts |
| 10-00741 | I | Attempted carjacking 7/18/09 | Class C | Guilty plea | 3 years at 30% | CS to Count II of -06692, Count II of -00741, and Count III of 00740 |

---

[1] "CS" refers to consecutive sentence alignment, and "CC" refers to concurrent alignment. Unless otherwise indicated, all sentences are deemed concurrent.

| | II | Possession with intent to go armed, 7/18/09 | Class C | Guilty plea | 3 years (mandatory) at 100% | CS to all other counts |
|---|---|---|---|---|---|---|

Appellant filed a "Motion for Order Correcting Error in Judgment" pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure claiming that his effective sentence extends beyond the applicable range of his punishment. He filed a memorandum of law in support of his motion, wherein he argued that due to "his counsel's incompetence," he pleaded guilty to the 22.2-year sentence, which was "beyond the range of his punishment as prohibited by legislation," and that he had no notice of prior convictions for enhancement purposes.

The trial court summarily dismissed appellant's motion, explaining that the basis of appellant's motion was that appellant, in essence, sought to have all of his sentences "reduced to the minimum term of punishment for the class of offense (Class B) totaling 7.2 years' punishment, to be served at 20%." The trial court construed appellant's motion as requesting that the court order all of the sentences to be served concurrently with a set release eligibility, which would result in an invalid sentence vis-à-vis the firearms convictions.

In 2013, the Tennessee General Assembly approved Rule 36.1, which provides, in part:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

. . . .

The legislature also approved an amendment to Tennessee Rule of Appellate Procedure 3(b) to provide both the State and appellant with an appeal as of right from "an

order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence.

Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at \*6 (Tenn. Crim. App. Mar. 7, 2014). Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App. July 16, 2014).

Taking all of appellant's assertions as true and viewing them in the light most favorable to him, we have determined that appellant has failed to present a colorable claim for relief from an illegal sentence because appellant's allegations do not establish that he received a sentence that was in excess of his sentencing range. The judgment forms reflect that for each of appellant's Class B felony convictions, the trial court sentenced him as an especially mitigated offender pursuant to Tennessee Code Annotated section 40-35-109. Accordingly, the trial court reduced the statutory minimum sentence of eight years for a Range I, standard offender convicted of a Class B felony by 10%, for a sentence of 7.2 years. *See* Tenn. Code Ann. § 40-35-112(a)(2). It also reduced his release eligibility from 30% to 20% as permitted by statute. *Id.* § 40-35-109. These sentences were all within-range and legally imposed; thus, they do not meet the threshold definition of an illegal sentence, i.e., "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1. Although appellant did not enjoy the benefit of especially mitigated offender status with regard to his guilty plea to attempted carjacking, for which he received three years as a standard offender, that sentence was nonetheless within-range and authorized by statute. *Id.* § 40-35-112(a)(3).

Appellant also pleaded guilty to three weapons-related charges. For the first two convictions, appellant agreed to six-year sentences to be served at 100% release eligibility, which was the statutorily-defined mandatory minimum sentence. *Id.* § 39-17-1324(b), (h)(1). The third firearms charge was possession with intent to go armed during the attempted commission of a felony, for which the mandatory minimum sentence was three years at 100% release eligibility. *Id.* § 39-17-1324(a), (g)(1). The language of Section 39-17-1324(e)(1) makes clear that any sentence imposed under that section *shall* be served consecutively to any other sentence that is imposed or that a defendant is already serving. Thus, these sentences were not only legal, but mandatory.

To the extent that appellant mentions "coupling," he seems to imply that the trial court was without jurisdiction to sentence him within separate release eligibility categories during the same proceeding. Our supreme court has upheld guilty-pleaded sentences wherein a criminal defendant agreed to a "hybrid" sentence that "mixe[d] and matche[d]" range assignment and release eligibility. *Davis v. State*, 313 S.W.3d 751, 760 (Tenn. 2010). Furthermore, "offender range classification and release eligibility are 'non-jurisdictional,'" and any irregularity can be waived by a knowing and voluntary guilty plea. *Id.* at 759-60. Each of the resulting sentences was within-range and legally imposed.

Appellant further alludes to error by the trial court in failing to sever his offenses, which led to his pleading guilty to an "impermissible sentence." We note first that appellant concedes that no motion to sever the offenses was filed by trial counsel. Appellant, therefore, has waived the issue of severance. *See State v. John Wesley Johnson, Jr.*, No. 02C01-9212-CC-00282, 1994 WL 29839, at *1 (Tenn. Crim. App. Feb. 2, 1994) (citing *State v. Smith*, 701 S.W.2d 216 (Tenn. 1985); Tenn. R. Crim. P. 14(a)). Moreover, failure of the trial court to sever the offenses *sua sponte* is not cognizable in 36.1 proceedings because the alleged error does not result in an illegal sentence or one not authorized by statute. Second, to the extent that appellant claims ineffective assistance of counsel due to the failure to file said motion, that issue is properly addressed via a petition for post-conviction relief, not a motion to correct an illegal sentence. The trial court indulged appellant's argument that his motion should be treated, in the alternative, as a petition for post-conviction relief and concluded that the motion was filed outside of the statute of limitations. We agree, noting that appellant's judgments of conviction became final on October 23, 2010, and he filed his Rule 36.1 motion on December 9, 2014. In sum, appellant has failed to state a colorable claim for relief. The trial court properly denied his petition in a summary fashion.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the trial court's judgment.

_____
ROGER A. PAGE, JUDGE