# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 19, 2005

## STATE OF TENNESSEE v. EDDRICK JOHNSON

**Appeal from the Criminal Court for Shelby County**
**No. 03-03455    J. C. McLin, Judge**

---

**No. W2004-01250-CCA-R3-CD  - Filed June 17, 2005**

---

The defendant, Eddrick Johnson, originally charged with two counts of aggravated robbery, was convicted of two counts of facilitation of aggravated robbery. The trial court merged the convictions and imposed a Range II sentence of seven years. In this appeal of right, the defendant challenges the sufficiency of the evidence and argues that he was improperly sentenced as a Range II offender. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Donna Armstard (at trial) and Tony N. Brayton (on appeal), Assistant Public Defenders, for the appellant, Eddrick Johnson.

Paul G. Summers, Attorney General & Reporter; Michelle Chapman McIntire, Assistant Attorney General; and Vanessa King, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On July 31, 2002, the elderly victim, Gladys White, purchased packages from Ike's Store at the Eastgate Shopping Center in Memphis, placed them into the trunk of her car, and, as she entered her vehicle, was confronted by an armed gunman. The gunman demanded the keys to her vehicle and ordered her to "move over." The victim refused to move to the passenger side of her car, stood, and then noticed a second individual standing nearby. At that point, the gunman ordered the victim to surrender her purse, which contained $100 and various other items, and she complied. The two men then ran across the parking lot and got into a waiting vehicle.

At the trial of the defendant, the victim acknowledged that she had identified for the police Terrence Barry, who was also charged for the robbery, as the gunman. The victim conceded that she had also identified Barry as the gunman at his preliminary hearing. While she admitted at the trial

that she could not identify the individual who was standing near her car during the robbery, she did testify that she believed the defendant was the gunman. When asked whether she could identify "[the defendant] sitting back there as being the [gunman] that day," the victim answered, "I think it is." She explained, "[T]hat day he had on some kind of hat and that might have made a difference . . . but that's him."

David Campbell, who was called as a witness for the state, saw two suspicious-looking men take the victim's purse and then run across the parking lot and get into a blue, four-door Ford Explorer. According to Campbell, the Explorer was driven by a female. He testified that he followed the vehicle until it stopped in a residential area, where a passenger stepped out of the vehicle to remove a covering from the vehicle's license plate. Campbell stated that he wrote down the license number and gave it to the security personnel at the shopping center. He identified the defendant as one of the two men who robbed the victim of her purse.

Memphis Police Department Sergeant J. R. Howell, who investigated the robbery, obtained the license number of the vehicle, found the owner, Betty Johnson-Waller, and learned that Sylvia Johnson was in possession of the vehicle at the time of the robbery. After interviewing Ms. Johnson, Sergeant Howell arrested the defendant and Barry. During questioning, the defendant admitted to the officer that he and Barry planned to rob the victim, that he provided Barry with the weapon, and that Barry took the victim's purse. According to Sergeant Howell, the defendant also admitted that they fled the scene and that when Ms. Johnson stopped the vehicle, he removed a piece of paper that covered the license tag. The defendant told the officer that Barry recovered approximately $100 from the victim's purse and then threw the purse into a dumpster. The defendant admitted that he was still in possession of the weapon that was used in the robbery.

Officer Tim Reynolds participated in the arrest of the defendant and Barry. After receiving consent to search the hotel room being shared by the defendant and Barry, the officer recovered a gun from a garbage can. The revolver contained five rounds of live ammunition.

Betty Johnson-Waller testified that the defendant, Barry, and a woman she identified only as Sylvia were at her residence on the afternoon of the robbery. Ms. Johnson-Waller testified that Sylvia was driving her Explorer when they dropped her off at her sister's residence later that day. Ms. Johnson-Waller testified that she later went to the police station and identified the defendant and Barry from a photographic array.

Sylvia Johnson testified that on the day of the robbery, she drove Ms. Johnson-Waller's vehicle to the Eastgate Shopping Center and was accompanied by the defendant and Terrence Barry. She stated that when she parked in the lot, the defendant and Barry got out of the vehicle. Shortly thereafter, she heard a thump and saw the two men running towards her yelling, "Let's go." She recalled that the defendant was carrying a gun and a purse. As she drove away from the shopping center, Ms. Johnson overheard the defendant complain that there was only eighty dollars in the purse. She testified that the defendant asked her to stop the vehicle and that when she did so, he stepped

outside and walked to the rear of the car. According to Ms. Johnson, the defendant threw the purse out of the car window before they returned to Ms. Johnson-Waller's residence.

The defendant, who testified on his own behalf, denied having helped plan or commit the robbery. He contended that after arriving at the Eastgate Shopping Center, Barry directed Ms. Johnson to stay in the car and motioned for him to follow. The defendant claimed that Barry confronted the victim, who stepped out of her vehicle and relinquished her purse. The defendant insisted that he merely followed Barry as he ran back to the Explorer driven by Ms. Johnson. The defendant claimed that Barry instructed him to get out of the vehicle and remove the paper which covered the license plate. The defendant contended that he had repeatedly asked Barry why he had done such a stupid thing.

I.

Initially, the defendant claims that the evidence is insufficient because of the dubious identification by the victim, the self-serving testimony of Sylvia Johnson, and the challenged confession taken by Sergeant Howell.

On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956). Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

Aggravated robbery is "the intentional or knowing theft property from the person of another by violence or putting the person in fear," which is "accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." Tenn. Code Ann. §§ 39-13-401(a), -402(a)(2). One is guilty of facilitation of a felony "if, knowing that another intends to commit [that] felony, but without the intent required for criminal responsibility . . . the person knowingly furnishes substantial assistance in [its] commission." Tenn. Code Ann. § 39-11-403(a).

In this instance, there was evidence that the defendant participated in the planning of the robbery and provided Barry with the weapon. He was present during the robbery and, according to Ms. Johnson, he was in possession of the gun and the victim's purse when he returned to the getaway

car. After Ms. Johnson drove away from the scene, the defendant got out of the car and removed a cover from the license plate. As was its prerogative, the jury accredited much of the testimony provided by witnesses for the state. In our view, the evidence was sufficient.

II.

Next, the defendant argues that the state failed to provide adequate notice of its intent to seek Range II punishment. The defendant argues that the notice was filed only five days prior to trial and informed the defendant only of the state's intent to use a prior forgery conviction in Connecticut for impeachment purposes in the event the defendant chose to testify. The defendant argues that the state failed to comply with Rule 12(a) of the Tennessee Rules of Criminal Procedure and Tennessee Code Annotated section 40-35-202(a), which provides as follows:

> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea . . . . Such statement . . . must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions.

Tenn. Code Ann. § 40-35-202(a).

In response, the state argues that the defendant has waived the issue by failing to object to the inadequate notice and by failing to request a continuance of the trial. The state also argues that the defendant has waived the issue by failing to include the notice as a part of the appellate record.

As the state correctly points out, the notice seeking enhanced punishment does not appear in the record. The record indicates, however, that the defendant had five prior felony convictions for forgery, three of which were committed on the same date. A defendant qualifies as a Range II offender if he has " a minimum of two (2) but no more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes . . . or [o]ne Class A prior conviction if the defendant's conviction offense is a Class A or B felony." Tenn. Code Ann. § 40-35-106(a). As indicated, the state must file its notice not less than ten days prior to trial. See Tenn. Code Ann. § 40-35-202(a). If the notice is untimely, the trial court is required to grant the defendant, upon request, a continuance of the trial. See Tenn. R. Crim. P. 12.3(a); see also State v. Lowe, 811 S.W.2d 526, 527 (Tenn. 1991).

The purpose of the notice requirement is, of course, to provide "fair notice" to the defendant that he is "exposed to something other than standard sentencing." State v. Adams, 788 S.W.2d 557, 558 (Tenn. 1990). Because, however, the defendant did not object to the timeliness of the notice or the adequacy of its content and failed to seek a continuance prior to trial, he is not entitled to relief in the absence of some showing of prejudice. State v. Stephenson, 752 S.W.2d 80, 81 (Tenn. 1988); State v. Debro, 787 S.W.2d 932, 934 (Tenn. Crim. App. 1989). Moreover, it is the duty of the defendant, as the appellant, to provide an adequate record for review. Because the notice of

enhancement is not a part of this record, the issue has been waived.  <u>See</u> Tenn. R. App. P. 24(a); <u>Thompson v. State</u>, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997).

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE